# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2800 | **DATE** | 4/20/2004 |
| **CASE TITLE** | USA vs. Albert M. Rossini | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In the language of Section 2255 Rule 4(b), "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." That being the case, Rossini's Section 2255 motion is dismissed summarily as the same Rule directs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 3 |
| | | | 4/20/2004 | |
| | | courtroom | date mailed notice | |
| SN | | deputy's initials | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALBERT M. ROSSINI, )<br>)<br>Defendant. ) | No. 04 C 2800<br>(03 CR 36) |

DOCKETED
APR 2 1 2004

## MEMORANDUM OPINION AND ORDER

On the same day on which this Court denied the most recent effort by Albert Rossini ("Rossini") to postpone the commencement of his 48-month criminal sentence,[1] Rossini has filed a 28 U.S.C. §2255 ("Section 2255") motion to challenge that sentence. For the reasons stated in this memorandum opinion and order, each of the four grounds now advanced by Rossini is devoid of merit, and the motion is denied pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts

---

[1] Earlier this Court had twice postponed the sentencing of Rossini and his codefendant and wife Brenda Szeja, a lawyer who was also a principal in the fraudulent actions that formed the basis of the criminal charges here. Those postponements were granted to the couple to tend to their affairs (family and otherwise) for the reasons that they had presented to this Court. Then just before the initially-scheduled surrender date, which had been set to follow the sentencing by 1-1/2 months to allow for Rossini's direct surrender and for his further attention to those family and other matters, Rossini's third lawyer came in with a request to extend the surrender date. This Court granted that extension over the government's objection, but it warned Rossini and his counsel that was the end of the road--no further extensions would be granted. Despite that warning, Rossini and counsel again appeared just one day before the new surrender date to request a further extension. As stated in the text, that motion was denied.



("Section 2255 Rules").

Ground One, as set out in the motion, challenges the representation of Rossini by the first of his three lawyers, Frederick Cohn, as assertedly constitutionally deficient in a host of respects. Virtually all of the motion's 26-page single spaced narrative, as well as Rossini's accompanying 10-page single spaced affidavit, focuses on that ground. But the fundamental--and fatal--flaw in Rossini's presentation lies in his total inability to satisfy the second branch of the requirements established by the seminal decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

In that respect, what was said in <u>Strickland</u> might well have been written for this case (except that <u>Strickland</u> dealt with the need for a fair trial, while what is at issue here is a guilty plea--a difference that does not alter the principles involved). Here is how <u>Strickland</u>, <u>id</u>. at 687 first describes the two-factor constitutional test:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the

adversary process that renders the result unreliable.

Next Strickland, id. at 694 articulates the standard for the second of those components:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

And finally Strickland, id. at 697 explains that where as here that second component points the way to rejection of a defendant's claim, a court has no need to examine the quality or lack of quality of counsel's performance:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

In this instance Rossini seeks to rely on what he accurately refers to at page 1 of his extended narrative as "his version" (1) of the facts, (2) of the events and (3) "of the amount of loss and of the amount, and significance of the restitution." But in thus attempting to rely on his version, Rossini is totally heedless of the fact that other courts and the SEC have found

3

otherwise as to his past depredations--just as this Court has found his self-proclaimed excuses unpersuasive in this case.[2]

As Rossini would have it, his 1986 conviction in Kansas for forgery, even though it was based on his guilty plea in that case, really had it wrong; his 1995 stock swindle conviction before this Court's colleague Honorable Blanche Manning, even though that conviction was also based on a guilty plea, had it wrong; his related entry into a 1993 consent decree in a case brought against him by the SEC before another of this Court's colleagues, Honorable John Grady (a decree that Rossini flouted by his criminal activity in this case) had it wrong; the state court civil action brought against Rossini and his wife by the victim of the fraud in this criminal case, which ended with a large judgment (still not fully satisfied) for punitive damages after both defendants had filed scurrilous affidavits that falsely charged the <u>victim</u> with having directed the breach of fiduciary obligations involved in the couple's criminal conduct, had it wrong; and the multiple charges of other swindles relating to Rossini's unfulfilled promises to obtain mortgage financing, coupled with his retention of large sums paid by the proposed

---

[2] This Court need not pause to examine whether Rossini has come to believe his own self-characterization, perhaps out of an unwillingness to face up to his lack of morality and conscience, or whether that version is simply a further continuation of his multiple fraudulent representations. This Court, like other factfinders, has opted to credit the objective facts instead.

4

borrowers who were other victims disclosed in the presentence investigation report ("PSI") and in the government's presentation during the sentencing hearing, had it wrong. In Rossini's version of the "facts," in short, everyone had it wrong except Rossini. Although this recidivist confidence man may thus have successfully swindled his many victims, he has not been similarly successful in conning other courts and the SEC, nor has he now succeeded in conning this Court.

Thus Rossini's current presentation is totally unpersuasive in seeking to whitewash the reprehensible nature of his fraudulent conduct of conviction, which is only the most recent of his fraudulent activities.[3] From the actual facts--those reflected in Rossini's acknowledgment of his guilt, in the matters set out in the PSI and in the entire course of the guilty plea and the sentencing proceedings--it is more than plain that no motions or any other actions by counsel Cohn could even arguably have altered the outcome. If second-guesser Rossini had instead pursued his now-stated preference for a trial rather than

---

[3] In fact, "most recent" may not be accurate. Late last week this Court received an inquiry as to the status of Rossini's criminal case, written by someone from another state who claimed to be still another victim of Rossini's swindles earlier this year (whether that took place before or after the actual imposition of sentence is thus not certain). This Court naturally responded that with Rossini already have been sentenced, nothing could be done in this action about that claimed activity, so that the inquiring party had to look to other sources of possible relief. This opinion does not of course place any reliance on that unproved charge.

a guilty plea, the inevitable outcome would still have been his conviction--for the government had him dead to rights.

In sum, the overwhelming evidence of Rossini's guilt--which he blithely ignores in his extended self-portrayal--causes him unquestionably to fail the second part of the <u>Strickland</u> formulation. And as <u>Strickland</u> teaches, that makes it unnecessary to examine the first part of the formulation. Nor of course is it necessary to treat in the Section 2255 context with a number of Rossini's assertions that, because they clearly do not approach constitutional magnitude, are more properly the subject of the direct appeal that he has also undertaken.

Rossini's other three stated grounds for Section 2255 relief require much less discussion. Here they are:

Ground Two: Conviction Obtained by Plea of Guilty Which Was Unlawfully Induced, Not Made Voluntarily, And Not With An Understanding Of The Nature Of The Charge And Consequences Of The Plea

Ground Three: Conviction Obtained In Violation of the Protection Against Double Jeopardy

Ground Four: the Sentencing Guidelines applied violated the ex post facto clause, Article I, §9, U.S. Constitution

As for the first of those, this Court has reviewed the transcript of the guilty plea and finds that--as it always seeks to do--it was meticulous in addressing all of the requirements for taking such a plea. And it is worth noting that even after attorney Cohn was replaced by able and experienced criminal

practitioner Cynthia Giacchetti, about whose representation Rossini understandably voices no complaints, not a word was said as to the asserted invalidity of the guilty plea. If Rossini--who has never been bashful in voicing any grievance--had a legitimate complaint about the validity of the plea, it is certain that he would have raised the matter with attorney Giacchetti so that she could have presented a contention on that score to this Court.

Nothing really needs to be said about Rossini's Ground Three other than that it is totally without merit. Nonlawyer Rossini simply does not understand the legal concept of double jeopardy, as evidenced both by the brief statement at page 3 and the added paragraph at the bottom of page 16 of his lengthy Section 2255 presentation.

Finally as to Ground Four, Rossini also misunderstands this Court's handling of the sentencing guidelines in deciding on his sentence. This is not said by way of criticism, for the guidelines are unquestionably complex even for lawyers, a complexity that is magnified when conjoined with ex post facto considerations. This Court's rulings that were made during the sentencing hearing, and that were embodied in the judgment and commitment order, in no way violated the Constitution.

## Conclusion

In the language of Section 2255 Rule 4(b), "it plainly

appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." That being the case, Rossini's Section 2255 motion is dismissed summarily as the same Rule directs.

                                   /s/ Milton I. Shadur
                                   Milton I. Shadur
                                   Senior United States District Judge

Date: April 20, 2004