IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNTIED STATES OF AMERICA, )
)
              Plaintiff, )
)
v. )  No.  04 C 2800
)       (03 CR 36)
ALBERT ROSSINI, )
)
             Defendant. )

MEMORANDUM OPINION AND ORDER

After this Court had issued its April 20, 2004 memorandum opinion and order dismissing the 28 U.S.C. §2255 ("Section 2255") motion that Albert Rossini ("Rossini") had filed to challenge the 48-month criminal sentence this Court had imposed following his blind plea of guilty to the charges in Case No. 03 CR 36,[1] Rossini sought to appeal that dismissal. On January 11, 2005[2] our Court of Appeals issued an order vacating the dismissal because the Section 2255 motion was premature in light of Rossini's then-pending direct criminal appeal. That Seventh Circuit order concluded by remanding the matter to this Court with instructions to stay proceedings pending the resolution of the direct appeal.

On April 5 the Court of Appeals issued an unpublished order

---

[1] In accordance with this District Court's practice, Rossini's Section 2255 motion was assigned Civil Case No. 04 C 2800 for recordkeeping purposes.

[2] Because by definition all later events referred to in this opinion also took place this year, such further date references will omit the 2005 year designation.

in its Case No. 04-1298 that:

    1. upheld all of this Court's substantive rulings regarding its calculations under, and its application of, the Sentencing Guidelines in connection with Rossini'sسsentence and

    2. issued a limited remand pursuant to its procedure prescribed in United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), so that this Court could determine whether it "would have imposed the same sentence[ ] unfettered by the now-advisory guidelines."

In accordance with the Paladino-dictated procedure, the Court of Appeals retained jurisdiction during the pendency of that limited remand.

This Court promptly issued an April 7 memorandum order in which it reviewed the issues and concluded by stating "that it would indeed have imposed the same sentence[ ] under an advisory guideline regime." In turn, on May 4 our Court of Appeals issued this brief order:[3]

> The district court, per United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), has determined that its sentences in this case would remain unchanged if the guidelines were advisory. And because those sentences are not even close to being unreasonable, further

---

[3] As already stated, Rossini had entered a blind plea of guilty to his indictment. With the Court of Appeals having earlier announced its rulings on every other aspect of Rossini's appeal, the affirmance of this Court's post-Booker determination was all that remained--hence the brevity of the order.

2

challenges to the sentences would be meritless.
Accordingly,

IT IS ORDERED that the judgment of the district court
is AFFIRMED.

Again acting with expedition, this Court issued a May 9 memorandum order that briefly reviewed the history recounted here and concluded by advising Rossini in these terms:

> This memorandum is being issued to inform Rossini that if he still wishes to pursue a Section 2255 motion in light of the intervening events referred to here, he must file a statement to that effect, either incorporating or modifying his earlier motion, on or before May 27, 2005. In the absence of such a filing, this Court will operate on the premise that Rossini has decided to forgo seeking such relief based on all the circumstances as they have now evolved.

Rossini has now responded by again invoking Section 2255. For that purpose he has permissibly (per the May 9 order) filed his "Petitioner's Statement Incorporating and Modifying Motion Pursuant to 28 U.S.C. §2255." What that current filing does is to discuss only four issues that were not set out in his original motion, so that it is somewhat unclear whether he does or does not intend to renew each of the four grounds set out in his original motion. This opinion will perforce be compelled to address matters by making alternative assumptions.

On the premise that Rossini does still intend to advance the four grounds set out in his original motion, this Court's April 20, 2004 memorandum opinion and order has already explained their lack of merit as the basis for the summary dismissal of

that original motion in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. As the only modification of what was said there, the rejection in that opinion of Rossini's Ground Four as to this Court's handling of the Sentencing Guidelines in deciding on his sentence has really been mooted by the post-Booker proceedings described earlier in this opinion.

As for the other four issues that are set out and discussed in Rossini's current filing, it is not entirely clear whether this Court has the jurisdiction to entertain them. Because Rossini did not advance those issues the first time around, those four new issues might perhaps be viewed as a "second or successive motion" that Section 2255 requires to be certified by a Court of Appeals panel before this Court can entertain them.[4] But because a review of those issues reveals each of them also to

---

[4] Indeed, it is worth noting that footnote 1 to this Court's May 9 order had said:

> If and to the extent that Rossini may wish to reassert any of the matters set out in his Section 2255 motion, he is free to do so in a brief filing that simply refers to those matters (also making clear in the same filing what claims, if any, that were originally addressed in the motion are no longer being advanced on his part).

This Court had then contemplated that Rossini would at most renew his originally advanced grounds, with the possibility that the rejection of his claims in his direct appeal and the intervention of the Booker-Paladino developments might cause him to withdraw one or more of those asserted grounds.

4

be devoid of merit, this opinion will proceed on the alternative assumption that they can be viewed as a permissible amendment of the not-previously-disposed-of original motion. For convenience this opinion will simply quote each of those issues as framed by Rossini as the heading for discussion of the issue, then explain why there is no basis for relief.

> "This Court sentenced the Petitioner and Co-Defendant Wife under the wrong Guideline year thus increased their guideline levels by two (2) levels."

It is of course a fundamental principle of habeas corpus law (and a Section 2255 motion is the functional equivalent of a habeas petition) that habeas may not be employed as the substitute for an appeal (see, e.g., Coleman v. United States, 318 F.3d 754, 760 (7th Cir. 2003), one of the many cases announcing and applying that principle). In this instance neither of Rossini's January 22, 2004 presentencing submissions to this Court--his Position Paper as to Sentencing Issues and his Response to Government Motion for Upward Departures--raised the issue of the appropriate Sentencing Guideline year. Nor, as the Court of Appeals' April 5 order reflects, was that issue raised before it either (though of course the question was obviously known to Rossini and his counsel at the time of sentencing and was fully available to be raised based on the record before this Court). All of that being true, Rossini simply cannot launch a collateral attack on this Court's choice of Guideline years

5

(which confirmed the analysis in the Presentence Investigation Report).

But there is more: Rossini is wrong on the facts in all events. Before sentencing Rossini this Court made a comparative analysis of the Guideline calculations under the 1998 and 2003 Sentencing Guideline manuals, and it determined that the component that had been increased by two levels in the 2003 manual was exactly matched by a two-level component that raised the offense level in the 1998 manual (the increase for "more than minimal planning" under Guideline §2F1.1(b)(2)) but that was absent in the later version. Hence Rossini's offense level was 18 under <u>each</u> calculation, so his argument simply vanishes.

> "The Ex Post Facto Clause of the United States Constitution requires that the Petitioner and Co-Defendant be resentenced to no more than the mandatory constitutional portion of their sentences, left intact after the removal of Blakely/Booker violative enhancements."

Here Rossini simply misunderstands the effect of <u>Booker</u> and its implementation in <u>Paladino</u>. This Court has reconfirmed, and the Court of Appeals has then affirmed, Rossini's sentence on the entirely constitutional basis defined by <u>Booker</u>, so that no ex post facto considerations have come (or can come) into play.

> "Whether Petitioner's right to due process under the Fifth Amendment of the United States Constitution and the Petitioner's constitutional guarantees to notice and jury trial under the Sixth Amendment were violated when the Court based its sentence on facts not admitted by him, charged as a crime in an indictment, nor

6

submitted to a jury and proven beyond a reasonable doubt."

What has just been said as to Rossini's ex post facto claim applies here with equal force. Rossini simply does not comprehend the effect of the Supreme Court's two majority opinions in <u>Booker</u>. This third claim is empty as well.

> "This Court's denial of a request for a continuance of the trial date violated Petitioner and Co-Defendant's Sixth Amendment rights."

Once again Rossini runs afoul of the same principle that bars the first ground discussed earlier. No such collateral attack will lie in substitution for an appeal (this is quite apart from the patent substantive lack of merit in Rossini's contention).

## Conclusion

What this Court said in its April 20 opinion is true as to Rossini's newest effort to seek Section 2255 relief. This Court accordingly repeats that earlier conclusion:

> In the language of Section 2255 Rule 4(b), "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." That being the case, Rossini's Section 2255 motion is dismissed summarily as the same Rule directs.

                                */s/ Milton I. Shadur*
                                Milton I. Shadur
                                Senior United States District Judge

Date: May 27, 2005